**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATURAL RESOURCES DEFENSE COUNCIL, INC.
1200 New York Ave., NW, Suite 400
Washington D.C. 20005

Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Defendant.

Civ. Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Chlorophacinone, the active ingredient in Rozol Prairie Dog Bait ("Rozol"), is an anti-coagulant that slowly kills animals over a period of days to weeks by causing internal and external hemorrhaging. The rodenticide persists in poisoned prairie dogs for weeks and can be lethally toxic to species that prey or scavenge on prairie dogs. Disorientated, dying, and dead prairie dogs attract predators and scavengers, further increasing the likelihood of secondary poisoning of non-target species. According to the United States Fish and Wildlife Service ("FWS") and the United States Environmental Protection Agency ("EPA"), this secondary poisoning could harm a broad range of federally protected species.

2. Additionally, chlorophacinone is prone to consumption by many animals in the application locality that are attracted to the underlying bait substance, commonly grain. As EPA has noted, "non-target birds and mammals will actively seek out" such baits and consume them.

3. EPA has identified the following federally protected species as "likely to be exposed to chlorophacinone either direct[ly] or secondary/tertiary exposure in states where the Black Tailed Prairie Dog occurs": Mexican spotted owl; ocelot; Preble's meadow jumping mouse; gray wolf; piping plover; New Mexico ridge-nosed rattlesnake; Houston toad; Attwater's greater prairie-chicken; Gulf Coast jagarondi; Concho water snake; Wyoming toad; jaguar; whooping crane; and northern Aplomado falcon. In addition, the feeding behavior of bald eagles and other federally protected raptors puts them at risk of being poisoned by black-tailed prairie dogs that have consumed Rozol. Black-footed ferrets, among the most endangered mammals in the country, inhabit prairie land throughout the western United States and are dependent on black-tailed prairie dogs as an obligate food source and for their burrows.

4. FWS has designated critical habitat for a number of listed species in the ten states where EPA has approved the use of Rozol. This critical habitat often overlaps with black-tailed prairie dog habitat where EPA has approved Rozol use. For example: the Mexican spotted owl has critical habitat in Colorado, New Mexico, and Texas; the Preble's meadow jumping mouse has critical habitat in Colorado and Wyoming; the piping plover has critical habitat in Montana, North Dakota, South Dakota, Nebraska, and Texas; the New Mexican ridge-nosed rattlesnake has critical habitat in New Mexico; and the Houston toad and the Concho water snake have critical habitat in Texas.

5. EPA has also recognized that a number of other wildlife species that prey on or scavenge black-tailed prairie dogs or use their burrows for shelter are at risk of poisoning from Rozol. These species include: coyotes; badgers; swift foxes; golden eagles; ferruginous hawks; and red-tailed hawks. Less frequently, species such as other hawks, red and gray foxes, bobcats, and weasels feed opportunistically on prairie dogs and are at risk for poisoning from Rozol. Other species associated with prairie dog colonies include: striped skunks; peregrine falcons; turkey vultures; ravens; crows; magpies; burrowing owls; massasaugas; king snakes; and garter snakes.

6. Because many of the non-target species harmed by secondary or tertiary exposure to Rozol are migratory or otherwise wide-ranging, they may spread risk and exposure "considerable distances beyond treated areas," according to EPA.

7. The black-tailed prairie dog is itself a species of conservation concern that has been extirpated from 98 percent of its historic range.

8. Despite evidence from its own scientists and FWS that proposed (and ultimately adopted) Rozol use restrictions were inadequate to avoid harm to federally protected species, on May 13, 2009, EPA approved the use of Rozol on black-tailed prairie dogs in ten states. EPA registered Rozol without providing public notice, an opportunity to comment, or responses to public comments, in violation of the Administrative Procedure Act ("APA") and the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). EPA also failed to consult with FWS regarding the registration of Rozol, despite repeated requests by FWS to do so, a violation of Section 7 of the Endangered Species Act ("ESA").

9. Plaintiff Natural Resources Defense Council ("NRDC") seeks a judgment declaring that EPA's Rozol registration violates federal law, and seeks an injunction ordering, *inter alia*, EPA to vacate its decision.

**JURISDICTION AND VENUE**

10. This court has jurisdiction pursuant to 16 U.S.C. § 1540(c), 7 U.S.C. § 136n(c), and 28 U.S.C. §§ 1331, 1361, 2201 because this action presents cases and controversies under the ESA, 16 U.S.C. §§ 1531-1544, FIFRA, 7 U.S.C. §§ 136-136y, and the APA, 5 U.S.C. §§ 553-559, 701-706.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because this is a civil action against an agency of the United States and is filed in a judicial district in which the Defendant resides.

12. NRDC notified EPA of its ESA violations pursuant to the 60-day notice provisions of the ESA, 16 U.S.C. § 1540(g), on January 11, 2010.

**THE PARTIES**

13. Plaintiff NRDC is a non-profit environmental advocacy organization with headquarters in New York, NY, offices in other locations around the country, and a national membership of more than 440,000. NRDC brings this action on its own behalf and that of its members.

14. As an advocacy organization committed to both safe pesticide regulation and the protection of endangered species, and on behalf of it members, NRDC submits public comments in response to proposed EPA pesticide decisions. NRDC seeks to ensure that pesticide regulation protects the environment and complies with governing statutes. NRDC also engages in advocacy to protect endangered species and reduce the

use of the nation's most toxic pesticides, particularly as they may jeopardize endangered species. NRDC and its members have submitted public comments on many proposed EPA pesticide actions and FWS species protection actions. EPA's failure to provide for notice and comment prior to approving Rozol deprived NRDC and its members of a public participation opportunity to which they are legally entitled. EPA's failure to consult with FWS harms NRDC's interests in reducing pesticide use and attendant risks to wildlife.

15. NRDC's membership includes individuals who actively enjoy studying and observing wildlife in their natural habitat, including species listed above. NRDC's members have been directly involved in efforts to protect endangered species and other wildlife. The enjoyment of these species by NRDC's members is decreased by EPA's registration of Rozol in violation of the agency's statutory obligations because Rozol's use threatens to harm wildlife that these members observe and enjoy on an ongoing basis.

16. The requested declaratory and injunctive relief mandating that EPA comply with its statutory obligations would redress injuries to NRDC's members.

17. Defendant EPA, a federal agency of the United States, is charged with responsibility for the implementation and administration of the relevant provisions of FIFRA and the ESA.

**STATUTORY FRAMEWORK**

18. FIFRA requires that pesticide products be "registered" to be sold or distributed in the United States. 7 U.S.C. § 136a; 40 C.F.R. § 152.15.

19. Chemical manufacturers are required to file an application to register any new pesticide or new use for a previously registered pesticide. 7 U.S.C. § 136a; 40

C.F.R. § 152.15; 40 C.F.R. § 152.42. The application must provide certain information about the pesticide's chemical characteristics, mode of action, intended uses, and human health and environmental impacts. *Id.* §136a(c); 40 C.F.R. Part 158. EPA must "promptly" publish every application for registration of a new pesticide in the Federal Register and solicit public comment for at least 30 days. 7 U.S.C. § 136a(c)(4).

20. EPA's regulations further require the agency to publish a "notice of issuance" in the Federal Register to announce the agency's registration decision on any new pesticide application. 40 C.F.R. § 152.102. The notice of issuance must include a description of the new pesticide and its uses, a summary of EPA's regulatory conclusions, and responses to comments received on the notice of application. *Id.*

21. The ESA requires all federal agencies undertaking an agency action to insure through consultation with the Secretary of Commerce or Interior that the action is "not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [such species' critical] habitat." 16 U.S.C. § 1536(a)(2).

22. Regulations implementing the ESA require federal agencies like EPA to consult or coordinate with FWS (or the National Marine Fisheries Service, for certain species not at issue in this case) whenever their actions may affect ESA-listed species or their formally designated critical habitat. 50 C.F.R. § 402.14(a); 50 C.F.R. Part 402, Subpart D.

## THE CHALLENGED AGENCY ACTIONS

23. On May 13, 2009, EPA issued a notice of registration – EPA Registration No. 7173-286 – for Rozol, under Section 3 of FIFRA. 7 U.S.C. § 136a(c)(7)(A).

Chlorophacinone is Rozol's active ingredient, at a concentration of 0.005%. The label authorizes the underground application of Rozol to control black-tailed prairie dogs in ten states: Colorado, Kansas, Montana, Nebraska, New Mexico, North Dakota, Oklahoma, South Dakota, Texas, and Wyoming. The registration was conditional upon actions by the proponent that are not at issue in this complaint.

24. Prior to its May 2009 registration of Rozol, EPA did not publish public notice in the Federal Register (or elsewhere) of the application to register chlorophacinone for use on prairie dogs.

25. EPA failed to solicit public comment on the Rozol registration application prior to the agency's May 2009 registration decision.

26. EPA did not publish a notice of issuance in the Federal Register for its registration of chlorophacinone for use on prairie dogs.

27. FWS has recognized that a number of federally protected species could be harmed by Rozol use targeting prairie dogs.

28. EPA has also recognized that a number of federally protected species could be harmed by Rozol use targeting prairie dogs.

29. EPA's own Environmental Fate and Effects Division concluded in 2006 that "use of chlorophacinone bait to control prairie dogs has a considerable potential for both primary and secondary risks to birds and nontarget animals and possibly reptiles."

30. In a memorandum dated November 6, 2008, the same division of EPA concluded that Rozol targets black-footed ferrets' major food source "within much of [the black-footed ferrets'] entire historic range, making recolonization and recovery unlikely."

31. Despite findings by FWS and EPA that Rozol will likely affect a broad range of listed species, EPA has failed to consult with FWS on the potential jeopardy to listed species and their critical habitat that the expanded use of Rozol containing chlorophacinone entails.

32. Although EPA finally invited public comment on Rozol in October 2009 – nearly five months after the agency made its registration decision – it has not voided or suspended the registration or otherwise taken steps to stop the flow of Rozol into the marketplace or halt the use of Rozol targeting prairie dogs.

**FIRST CLAIM FOR RELIEF: NO ESA CONSULTATION**

33. NRDC repeats the allegations of the preceding paragraphs as if set forth in full.

34. The ESA requires that "[e]ach Federal agency shall, in consultation with and with the assistance of the Secretary [of Interior], insure that any action authorized, funded, or carried out by such agency (hereinafter in this section referred to as an 'agency action') is not likely to jeopardize the continued existence of an endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary, after consultation as appropriate with affected states, to be critical . . . ." 16 U.S.C. § 1536(a)(2).

35. Pursuant to authority granted them by Congress, the Secretaries of Interior and Commerce have adopted regulations for implementing the ESA, including the consultation requirement described above. Those regulations require that "[e]ach Federal agency shall review its actions at the earliest possible time to determine whether any action may affect listed species or critical habitat. If such a determination is made,

formal consultation is required, except as noted in paragraph (b) of this section." 50 C.F.R. § 402.14(a). Paragraph (b) of that section of the regulations provides that: "(1) A Federal agency need not initiate formal consultation if, as a result of the preparation of a biological assessment under § 402.12 or as a result of informal consultation with the [U.S. Fish & Wildlife] Service under § 402.13, the Federal agency determines, with the written concurrence of the Director [of the Service], that the proposed action is not likely to adversely affect any listed species or critical habitat. (2) A Federal agency need not initiate formal consultation if a preliminary biological opinion, issued after early consultation under § 402.11, is confirmed as the final biological opinion." 50 C.F.R. § 402.14(b).

36. Use of Rozol on prairie dogs may affect ESA-listed species and/or their critical habitat, within the meaning of ESA-implementing regulations.

37. Prior to registering Rozol for use on prairie dogs in ten states, EPA knew or had reason to know that such use may affect species listed as threatened or endangered under the ESA and their critical habitat.

38. Prior to registering Rozol for use on prairie dogs, EPA did not engage in formal, informal, or early consultation with FWS pursuant to the regulations described above.

39. Prior to registering Rozol for use on prairie dogs, EPA did not have the written concurrence of the Director of FWS that such use would not likely adversely affect any species listed or critical habitat designated pursuant to the ESA.

40. Further regulations adopted by the Secretaries of Interior and Commerce allow EPA the option of an alternative procedure to meet its ESA obligations in

registering pesticides under FIFRA that may affect ESA-listed species or their critical habitat. *See* 50 C.F.R. Part 402, Subpart D. Pursuant to those regulations, if EPA and FWS jointly enter into an "alternative consultation agreement" meeting stated regulatory criteria, and EPA complies with the agreement, EPA may make a formal determination itself, without written concurrence from the Director of FWS, that a FIFRA pesticide registration is not likely to adversely affect ESA-listed species or their critical habitat. 50 C.F.R. § 402.45(a).

41. Prior to registering Rozol for use on prairie dogs, EPA did not make a formal determination in compliance with FWS-approved alternative consultation requirements, that such use was not likely to adversely affect ESA-listed species or their critical habitat.

42. By failing to (a) consult with FWS prior to registering Rozol for use on prairie dogs, (b) obtain the written concurrence of the Director of FWS that such use was not likely to adversely affect ESA-listed species or their critical habitat, or (c) make a formal determination in compliance with an approved interagency alternative consultation agreement that such use was not likely to adversely affect ESA-listed species or their critical habitat, EPA violated 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.14.

43. Since registering Rozol for use on prairie dogs, EPA has not consulted with FWS pursuant to the regulations described above, obtained the written concurrence of the Director of FWS, or made a formal determination in compliance with FWS-approved alternative consultation requirements that such use was not likely to adversely affect ESA-listed species or their critical habitat.

44. Since registering Rozol for use on prairie dogs, EPA has continued to violate 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.14, by leaving its registration of Rozol in effect without (a) consulting with FWS in compliance with the ESA and its implementing regulations, (b) obtaining the written concurrence of the Director of FWS that such use was not likely to adversely affect ESA-listed species or their critical habitat, or (c) complying with binding legal requirements for alternative consultation on FIFRA actions.

45. The ESA's citizen suit provision, 16 U.S.C. § 1540(g), authorizes NRDC to bring a claim against EPA for the agency's violation of the ESA.

**SECOND CLAIM FOR RELIEF: NO FIFRA NOTICE AND COMMENT**

46. NRDC repeats the allegations of the preceding paragraphs as if set forth in full.

47. FIFRA, 7 U.S.C. § 136a(c)(4), requires that "The [EPA] Administrator shall publish in the Federal Register, promptly after receipt of the statement and other data required [by the statute for a registration application], a notice of each application for registration of any pesticide if it contains any new active ingredient or if it would entail a changed use pattern. The notice shall provide for a period of 30 days in which any Federal agency or any other interested person may comment."

48. "Pesticide means any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest, or intended for use as a plant regulator, defoliant, or desiccant . . . ." 40 C.F.R. § 152.3.

49. Pursuant to authority granted them by Congress, the EPA Administrator has adopted regulations for implementing FIFRA. Those regulations clarify that a "new

use, when used with respect to a product containing a particular active ingredient, means: . . . (3) Any additional use pattern that would result in a significant increase in the level of exposure, or a change in the route of exposure, to the active ingredient of man or other organisms." 40 C.F.R. § 152.3.

50. Rozol is a pesticide within the meaning of FIFRA and its implementing regulations.

51. The application for the registration of Rozol entailed a new use pattern – the use of Rozol on prairie dogs in eleven states (later reduced to ten) – thus triggering FIFRA's notice requirement.

52. EPA issued a notice of registration for Rozol on May 13, 2009, authorizing the underground application of Rozol to control black-tailed prairie dogs in ten states.

53. Prior to registering Rozol for use on prairie dogs, EPA failed to publish notice of the application for the registration of Rozol in the Federal Register.

54. Prior to registering Rozol for use on prairie dogs, EPA failed to solicit public comment on the Rozol registration application. This failure deprived NRDC and its members of comment opportunities on the application to register Rozol and deprived them of having EPA have the benefit of public comments before making its registration decision.

55. The APA provides in relevant part that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action made reviewable by statute and final agency action for which there is no

other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

56. EPA's registration of Rozol without public notice and comment constitutes agency action not in accordance with law in violation of the APA, 5 U.S.C. §§ 702, 704, 706(2)(A), FIFRA, 7 U.S.C. § 136a(c)(4), and EPA's FIFRA regulations, 40 C.F.R. § 152.3.

**THIRD CLAIM FOR RELIEF: NO FIFRA NOTICE OF ISSUANCE**

57. NRDC repeats the allegations of the preceding paragraphs as if set forth in full.

58. EPA's FIFRA implementing regulations require the agency, following registration of a pesticide product, to "issue in the Federal Register a notice of issuance. The notice of issuance will describe the new chemical or new use, summarize the Agency's regulatory conclusions, list missing data and the conditions for their submission, and respond to comments received on the notice of application." 40 C.F.R. § 152.102.

59. Since registering Rozol for use on prairie dogs on May 13, 2009, EPA has not published in the Federal Register a notice of issuance for its registration of Rozol for use on prairie dogs. Moreover, any notice EPA might issue could not "respond to comments received on the notice of application," as required pursuant to 40 C.F.R. § 102, because no such notice of application was ever published in the federal register prior to the registration of Rozol for use on black-tailed prairie dogs. EPA's failure to publish a

notice of issuance for, and a response to comments on, its registration of Rozol on prairie dogs deprived NRDC of the benefits of having EPA's decision-making subject to public disclosure and required responsiveness.

60. EPA's registration of Rozol without publishing the required "notice of issuance" constitutes agency action not in accordance with law in violation of the APA, 5 U.S.C. §§ 702, 704, 706(2)(A) and EPA's FIFRA regulations, 40 C.F.R. § 152.102.

**REQUEST FOR RELIEF**

NRDC requests that this Court enter judgment against EPA as follows:

A. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that EPA's May 2009 registration of Rozol for use in ten states is not in accordance with the law, specifically: FIFRA, 7 U.S.C. §§ 136a(c)(4), 136a(c)(5); the ESA, 16 U.S.C. §§ 1536(a)(1), 1536(a)(2); the APA, 5 U.S.C. § 706(2)(A); and applicable federal regulations, including 40 C.F.R. § 152.102, 40 C.F.R. § 152.3, and 50 C.F.R. §§ 402.40, 402.42;

B. Vacating the challenged pesticide registration;

C. Ordering EPA to comply with the notice and comment provisions of FIFRA, 7 U.S.C. § 136a(c)(4), and the notice of issuance provision of EPA's FIFRA implementing regulations, 40 C.F.R. § 152.102, prior to registering (or allowing registration of) Rozol for use on black-tailed prairie dogs, or any other new use;

D. Ordering EPA to engage in and complete formal consultation with FWS as required by ESA section 7 prior to registering (or allowing registration of) Rozol for use on black-tailed prairie dogs or any other new use;

E. Awarding NRDC its costs and reasonable attorneys' fees incurred in connection with this dispute, as provided for by the ESA, 16 U.S.C. § 1540(g) and the Equal Access to Justice Act, 28 U.S.C. § 2412.

F. Granting such other relief as the Court deems just and proper.

Dated this 23rd day of June, 2010.

Respectfully submitted,

Sharon Buccino
(D.C. Bar No. 432073)
Natural Resources Defense Council
1200 New York Ave., NW, Suite 400
Washington D.C. 20005
Phone: (202) 289-6868
Fax: (202) 289-1060

Nathaniel S.W. Lawrence
(*Pro hac vice* applicant)
Natural Resources Defense Council
3723 Holiday Drive SE
Olympia WA 98501
Phone: (360) 534-9900
Fax: (360) 534-9909

Jason A. Malinsky
(*Pro hac vice* applicant)
Natural Resources Defense Council
111 Sutter, 20th Floor
San Francisco, CA 94104
Email: jmalinsky@nrdc.org
Phone: (415) 875-6100
Fax: (415) 875-6161

Attorneys for Plaintiff Natural Resources Defense Council